ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 006167
PERRY & WESTBROOK,
A Professional Corporation
11500 S. Eastern, Suite 140
Henderson, NV  89052
Telephone:  (702) 870-2400
Facsimile:  (702) 870-8220
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TEKEEYSHA KEYS, an individual;<br><br>        Plaintiff,<br><br>vs.<br><br>TARGET CORPORATON, DOE EMPLOYEES OF TARGET CORPORATION; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>        Defendants. | CASE NO.:<br><br><br>**DEFENDANT TARGET CORPORATION'S PETITION FOR REMOVAL AND DEMAND FOR JURY TRIAL** |

        PLEASE TAKE NOTICE that Defendant, TARGET CORPORATION, by and through its attorney Alan W. Westbrook, Esq. of PERRY & WESTBROOK, a Professional Corporation, hereby removes this action from the Eighth Judicial District Court of the State of Nevada, in and for Clark County, Nevada, to the United States District Court for the District of Nevada, pursuant to Section 1441 of Title 28 of the United States Code (Diversity of Citizenship).

        This removal of this action is based upon the following:

1

1.     This action is a civil action within the meaning of Acts of Congress relating to removal of cases.

2.     Plaintiff Tekeeysha Keys filed a Complaint for damages in the Eighth Judicial District Court, in and for Clark County, Nevada (the State Court) on February 22, 2022.  The State Court assigned this matter number A-22-855829-C.  The Complaint alleged a cause of action for negligence against Defendant (a copy of the original Complaint is attached as **Exhibit A**).  A copy of Plaintiff's Initial Appearance Fee Disclosure is attached as **Exhibit B**, and a copy of the Summons is attached as **Exhibit C.** Defendant's Initial Appearance Fee (**Exhibit D**), Answer to Complaint (**Exhibit E**), Demand for Jury Trial (**Exhibit F**), Plaintiff's Affidavit of Service (**Exhibit G**), and Request for Exemption from Arbitration (**Exhibit H**) are also attached hereto.

3.     The Complaint filed alleges damages in excess of $15,000.00. While the Plaintiff's Request for Exemption from Arbitration filed in State Court, referenced medical treatment costs associated with the alleged injury totaling $80,664.00, with additional medical costs not yet obtained (**Exhibit H**).

5.     Removal to this Court is based upon the receipt of the Complaint by service on Defendant's Registered Agent on July 29, 2022 (**Exhibit G**).  See 28 U.S.C. § 1446(b)(2) ("each defendant shall have 30 days after receipt by, or service on, that defendant of the initial pleading or summons… to file the notice of removal.")  Therefore, this Petition is filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of a pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

6.     This Court has original jurisdiction over the claims alleged here for the reasons set forth below:

a. According to the Complaint Plaintiff is, and was at all times relevant, a resident of the State of Nevada.

b. Defendant, Target Corporation, is incorporated in Minnesota, with its principal place of business in Minnesota.

c. Based upon the Plaintiff's assertions to the State Court, including the description of alleged injury, coupled with Plaintiff's claim of over $80,000.00 in medical costs set forth in Plaintiff's Request for Exemption from Arbitration (**Exhibit H**), Defendant has a good faith understanding that the amount in controversy exceeds the amount of $75,000.00, exclusive of costs and interest.

d. The State Court action is a civil action between citizens of different States, and the matter in controversy exceeds $75,000.00, exclusive of costs and interest.  The District Court has original jurisdiction over the matter pursuant to 28 U.S.C., Section 1332.

7. Defendant will serve a copy of a Notice of Removal immediately upon the filing of this Petition by filing a Notice of Removal with the State Court and having it electronically served through the Court filing system.

8. Defendant respectfully demands a trial by jury of the above-captioned matter.

/ / /

/ / /

/ / /

/ / /

/ / /

3

WHEREFORE, Defendant hereby removes the State Court Action pending as Case No. A-22-855829-C in the Eighth Judicial District Court of the State of Nevada, in and for Clark County, Nevada, to this Honorable Court.

DATED this 26th day of August, 2022.

PERRY & WESTBROOK
A Professional Corporation

/s/ Alan W.  Westbrook
ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
11500 S. Eastern, Suite 140
Henderson, NV  89052
Telephone: (702) 870-2400
Facsimile:  (702) 870-2880
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 26th day of August, 2022, a true and correct copy of the

foregoing was served via email and U.S. Mail upon the following counsel:

Betsy C. Jefferis-Aguilar, Esq.
HICKS & BRASIER, PLLC
2630 S. Jones Blvd.
Las Vegas, NV 89146
*Attorneys for Plaintiff*

                                     *  /s/ Jennifer L. Meacham*
                                       An Employee of PERRY & WESTBROOK,
                                       A Professional Corporation

Exhibit A

Electronically Filed
7/22/2022 4:00 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BETSY C. JEFFERIS-AGUILAR, ESQ.
Nevada Bar No. 12980
**HICKS & BRASIER, PLLC**
2630 S. Jones Blvd
Las Vegas, Nevada 89146
Phone: (702) 628-9888
Fax: (702) 960-4118
E-Mail: baguilar@lvattorneys.com
*Attorneys for Plaintiff*

CASE NO: A-22-855829-C
Department 14

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| TEKEEYSHA KEYS, an individual, | ) CASE NO.: |
| | ) DEPT. NO.: |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| TARGET CORPORATION; DOE | ) |
| EMPLOYEES OF TARGET | ) |
| CORPORATION; DOES 1-20 and ROE | ) |
| BUSINESS ENTITIES 1-20, inclusive, | ) |
| | ) |
| Defendants. | ) |

COMES NOW, Plaintiff TEKEEYSHA KEYS, by and through her counsel, BETSY C. JEFFERIS-AGUILAR, ESQ. of HICKS & BRASIER, PLLC, and for his causes of action against Defendants, and each of them, complains and alleges as follows:

**JURISDICTION AND PARTIES**

1.     That Plaintiff TEKEEYSHA KEYS (hereinafter "Plaintiff") is, and at all times mentioned herein was, a resident of the County of Clark, State of Nevada.

2.     That Defendant TARGET CORPORATION is, and at all times mentioned herein was, a foreign corporation or other business entity, licensed to do business in the County of Clark, State of Nevada.

3.     That Defendants DOES 1-5 and ROE BUSINESS ENTITIES 1-5 are other owners or operators of the property located at 1200 S. Nellis Blvd, Las Vegas, Nevada 89104,

commonly known as Target ("the Property").

4.   That Defendants DOES 6-10 and ROE BUSINESS ENTITES 6-10 are the managers or controllers of common areas of the Property.

5.   That Defendants DOES 11-15 and ROE BUSINESS ENTITIES 11-15 are the designers and maintenance providers for the Property.

6.   That Defendants DOES 16-20 and ROE BUSINESS ENTITIES 16-20 are the construction companies, sub-contractors, vendors, inspectors or other persons responsible for the cleaning and maintenance of the area on the Property where the subject incident occurred.

7.   That the true names and capacities of the remaining Defendants designated herein as Doe or Roe Business Entities are presently unknown at this time to Plaintiff, who therefore sues said Defendants by such fictitious names — these entities would specifically include owners associations presently unknown.   When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

8.   That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9.   That on or about March 8, 2021, Plaintiff was an invitee on the Property.

10.  On or about said date, Plaintiff was walking through the store when a three-step ladder fell off a shelf, striking her head and neck (hereinafter referred to as the "dangerous condition").

11.  Upon information and belief, the dangerous condition was caused as a direct result of the Defendants' failure to design, construct, control, supervise, repair, and/or maintain the Property in a reasonable and safe manner.

12.  Defendants maintained and were in control of the Property.

13.  Defendants knew, or reasonably should have known, that the dangerous condition existed on or about the Property.

2

14. Defendants failed to place signs, caution, warn, or otherwise make safe, the dangerous condition existing on or about the Property. Accordingly, Defendants negligently, carelessly, and recklessly maintained and allowed the dangerous condition to exist.

15. Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

## FIRST CLAIM FOR RELIEF

## (NEGLIGENCE TO ALL DEFENDANTS)

16. Plaintiff incorporates paragraphs 1 through 15 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

17. Defendants owed Plaintiff a duty of care to warn Plaintiff of the non-obvious and dangerous condition.

18. Defendants breached this duty of care by failing to place caution signs, or otherwise failing to warn Plaintiff of the dangerous, non-obvious condition.

19. Defendants' negligence directly and proximately caused Plaintiff serious injury.

20. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000. That said services, care, and treatment are continuing and shall continue in the future.

21. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain occupational and recreational activities, which have caused, and shall continue.

22. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

//

//

//

3

## SECOND CLAIM FOR RELIEF

## (NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

## TO TARGET CORPORATION)

23.  Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 22 above.

24.  Defendant had a duty to adequately hire, train, supervise, and retain its employees and/or other persons and/or entitles responsible for the inspection of The Property to ensure that a safe environment was provided for invitees and/or licensees.

25.  Defendant breached its duty that it did not hire responsible employees, did not train its employees to keep the premises safe for customer use, did not supervise its employees, and retained employees that displayed unsafe.

26.  The failures led to Defendant employees not recognizing a dangerous hazard, not remedying the hazard, and not warning customers, guests and/or invitees of the hazard.

27.  The failures proximately led to Plaintiff's incident and resulting injuries.

28.  Employees, masters, and principals are vicariously liable for the torts committed by their employees, servants, and agents if the occurs while the employee, servant or agent was acting in the course and scope of employment.

29.  Accordingly, pursuant to NRS § 41.430, Defendant is variously liable for the damages caused by its employees' actions and negligence, further encompassing the e actions of those hired by Defendant to maintain the premises and requirement.

30.  NRS § 41.430, states as follows:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect, or default of another, the person causing the injury is liable to the person injured for the damages; and where the person causing the injury is employed by another person or corporation responsible for the conduct of the person causing the injury, that other person or corporation so responsible is liable to the person injured for damages.

31.  Defendant Target Corporation was the employer, master, and principle of the remaining Defendants and other employees, agents, independent contractors, and/or representatives who negligently did not inspect, maintain, or warn of dangerous conditions in

4

and about The Property.

32. As a direct and proximate result of Defendant Target Corporation's negligence, carelessness, and recklessness, Plaintiff suffered personal injuries to her body, as well as pain and suffering.

33. Plaintiff is entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries sustained as a result of Defendant Target Corporation's negligence.

34. As a direct and proximate result of the actions of Defendants, Plaintiff experienced pain and suffering, damaging Plaintiff in excess of $15,000.

35. As a direct and proximate result of the actions of Defendants, Plaintiff has been required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

**THIRD CLAIM FOR RELIEF**

**(NEGLIGENT INSPECTION AND WARNING)**

36. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 35 above.

37. Defendants owed Plaintiff and other similarly situated a duty to inspect the premises before the subject incident and knew or should have known the ladder was dangerous, and hazardous, and failed to warn Plaintiff of the dangerous condition to Plaintiff's detriment and damages alleged above.

38. Defendants' failure to inspect, test, monitor, maintain, and warn was a proximate cause of the injuries and damages alleged above was, further, a willful and conscious disregard of the known safety procedures.

39. As a direct and proximate result of the conduct of the Defendants, Plaintiff sustained injuries and damages in excess of $15,000.

40. As a direct and proximate result of Defendants' conduct, Plaintiff has been required to retain the services of an attorney, and as directed, natural and foreseeable consequence thereof, has been damaged and is entitled to reasonable attorney's fees and costs.

//

//

## FOURTH CLAIM FOR RELIEF

## (VICARIOUS LIABILITY/JOINT & SEVERAL LIABILITY/RESPONDEAT SUPERIOR AS TO ALL DEFENDANTS)

41.  Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 40 above.

42.  At all times relevant hereto, Defendants negligently failed to warn patrons of the dangerous conditions.

43.  At all times relevant hereto, Plaintiff believes and thereon alleges that Doe Target Corporation Employee was employed by Target Corporation.

44.  As such, Defendant Target Corporation is liable for the negligent acts of Doe Target Employee as Doe Target Corporation was working within the course and scope of their agency or assignment with Defendant Target Corporation.

45.  At all times relevant herein, the actions of the actions of Target Corporation Employee were done with a common purpose and/or joint venture existing with Target Corporation, which resulted in the injuries and damages to Plaintiff.

46.  That Defendant Target Corporation is viciously liable and/or jointly and severally liable for the negligence and carelessness of Doe Target Corporation Employee committed while said common purpose and/or joint venture existed between Defendant Target Corporation and Doe Target Employee and such negligence which gave rise to Plaintiff's injuries.

47.  As a direct and proximate result of Defendants Target Corporation and Doe Target Corporation Employee's negligence, carelessness, and recklessness, Plaintiff suffered personal injuries to her body was well as pain and suffering.

48.  Plaintiff is entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries sustained as a result of Defendant Target Corporation and Doe Target Corporation Employee's negligence.

49.  As a direct and proximate result of the actions of Defendants, Plaintiff experienced pain and suffering, damaging Plaintiff in excess of $15,000.00

50.  As a direct and proximate result of the actions of Defendants, Plaintiff has been

6

required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1.   General damages sustained by Plaintiff in an amount in excess of $15,000;

2.   Special damages to be determined at the time of trial;

3.   Medical and incidental expenses already incurred and to be incurred;

4.   Lost earnings and earning capacity;

5.   Interest at the statutory rate;

6.   Reasonable attorney's fees and costs of suit; and

7.   For such other relief as the Court deems just and proper.

DATED THIS 22nd day of July 2022.

HICKS & BRASIER, PLLC

*/s/ Betsy C. Jefferis-Aguilar, Esq.*
BETSY C. JEFFERIS-AGUILAR, ESQ.
Nevada Bar No. 12980
2630 S. Jones Blvd
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*

Exhibit B

Electronically Filed
7/22/2022 4:00 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
BETSY JEFFERIS AGUILAR, ESQ.
Nevada Bar No. 12980
**HICKS & BRASIER, PLLC**
2630 S. Jones Blvd
Las Vegas, Nevada 89146
Phone: (702) 628-9888
Fax:  (702) 960-4118
E-Mail: baguilar@lvattorneys.com
*Attorneys for Plaintiff*

CASE NO: A-22-855829-C
Department 14

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| TEKEEYSHA KEYS, an individual, | ) CASE NO.: |
| | ) DEPT. NO.: |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TARGET CORPORATION; DOE | ) |
| EMPLOYEES OF TARGET | ) |
| CORPORATION; DOES 1-20 and ROE | ) |
| BUSINESS ENTITIES 1-20, inclusive, | ) |
| | ) |
| Defendants. | ) |

**INITIAL APPEARANCE FEE DISCLOSURE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted

for fees appearing in the above entitled action as indicated below:

Tekeeysha Keys                                                    $270.00

**TOTAL REMITTED:  $      270.00**

DATED THIS 22nd day of July, 2022.                **HICKS & BRASIER, PLLC**

*/s/ Betsy C. Jefferis-Aguilar, Esq.*
BETSY JEFFERIS AGUILAR, ESQ.
Nevada Bar No. 12980
2630 S. Jones Blvd
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*

Exhibit C

SUMM

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| TEKEEYSHA KEYS, an individual, | ) CASE NO.: |
| | ) DEPT. NO.: |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TARGET CORPORATION; DOE EMPLOYEES OF | ) |
| TARGET CORPORATION; DOES 1-20 and ROE | ) |
| BUSINESS ENTITIES 1-20, inclusive, | ) |
| | ) |
| Defendants. | ) |

CASE NO: A-22-855829-C
Department 14

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW**

To THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**TARGET CORPORATION**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of
**HICKS & BRASIER, PLLC**

By: /s/ Betsy C. Jefferis-Aguilar, Esq.
    Betsy Jefferis Aguilar, Esq.
    2630 S. Jones Blvd.
    Las Vegas, NV 89146
    *Attorneys for Plaintiff*

STEVEN D. GRIERSON

**CLERK OF COURT**

7/22/2022

Laurie Williams

Deputy Clerk    Date
County Court House    Laurie Williams
200 Lewis Avenue
Las Vegas, Nevada 89155

NOTE: When service is by publication, add a brief statement of the object of the action. See NRCP 4(b).    *Revised 03/99/jb*

Exhibit D

Electronically Filed
8/19/2022 2:14 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 006167
PERRY & WESTBROOK,
A Professional Corporation
11500 S. Eastern, Suite 140
Henderson, NV  89052
Telephone:  (702) 870-2400
Facsimile:  (702) 870-8220
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| TEKEEYSHA KEYS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATON, DOE EMPLOYEES OF TARGET CORPORATION; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>Defendants. | CASE NO.:  A-22-855829-C<br><br>Dept: 14<br><br>**DEFENDANT TARGET CORPORATION'S INITIAL APPEARANCE FEE DISCLOSURE** |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

Defendant TARGET CORPORATION……………………..…...$223.00

/ / /

/ / /

/ / /

/ / /

1

**TOTAL REMITTED:**……………………………………….......**$223.00**

DATED this 19th day of August, 2022.

PERRY & WESTBROOK
A Professional Corporation

*/s/ Alan W.  Westbrook*
ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
11500 S. Eastern, Suite 140
Henderson, NV  89052
Telephone: (702) 870-2400
Facsimile:  (702) 870-2880
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

2

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of August, 2022, a true and correct copy of the foregoing was served upon the following counsel via the Eighth Judicial District Court's electronic filing and service system pursuant to Administrative Order 14-2:

Betsy C. Jefferis-Aguilar, Esq.
HICKS & BRASIER, PLLC
2630 S. Jones Blvd.
Las Vegas, NV 89146
*Attorneys for Plaintiff*

                                      */s/   Jennifer Meacham*
An Employee of PERRY & WESTBROOK,
A Professional Corporation

3

Exhibit E

Electronically Filed
8/19/2022 2:14 PM
Steven D. Grierson
CLERK OF THE COURT

**ANS**
ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 006167
PERRY & WESTBROOK,
A Professional Corporation
11500 S. Eastern, Suite 140
Henderson, NV  89052
Telephone:  (702) 870-2400
Facsimile:  (702) 870-8220
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| TEKEEYSHA KEYS, an individual; | CASE NO.:  A-22-855829-C |
| Plaintiff, | Dept: 14 |
| vs. | |
| TARGET CORPORATON, DOE EMPLOYEES OF TARGET CORPORATION; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive, | **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | |

        COMES NOW Defendant TARGET CORPORATION, by and through its attorney, Alan

W.  Westbrook, Esq. of the law firm PERRY & WESTBROOK, and in answer to Plaintiff's

Complaint on file herein admits, denies, and alleges as follows:

///

///

///

1

**JURISDICTION, VENUE, AND PARTIES**

Answering paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

Answering paragraph 2 of Plaintiff's Complaint, Defendant admits that Target Corporation is, and was at all times relevant, a Minnesota Corporation, licensed to do business in the County of Clark, State of Nevada.

Answering paragraph 3 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

Answering paragraph 4 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

Answering paragraph 5 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

Answering paragraph 6 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

Answering paragraph 7 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

2

Answering paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and denies the same.

## FACTS COMMON TO ALL CAUSES OF ACTION

Answering paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and denies the same.

Answering paragraph 10 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 11 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 12 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and denies the same.

Answering paragraph 13 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 14 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 15 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

/ / /

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**
**(Negligence to all Defendants)**

Answering paragraph 16 of Plaintiff's Complaint, Defendant repeats and realleges every answer set forth above as though set forth in full herein.

Answering paragraph 17 of Plaintiff's Complaint, to the extent that the allegations of this paragraph reference questions of duty, this is an issue for determination by the Court, which has not yet addressed the same, and denies that there existed a "non-obvious and dangerous condition." Nonetheless, Defendant denies it breached any duty alleged to be owed to the Plaintiff.

Answering paragraph 18 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 19 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 20 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 21 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 22 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

**SECOND CLAIM FOR RELIEF**
**(Negligent Hiring, Training, Supervision, and/or Retention)**

Answering paragraph 23 of Plaintiff's Complaint, Defendant repeats and realleges every answer set forth above as though set forth in full herein.

Answering paragraph 24 of Plaintiff's Complaint, to the extent that the allegations of this paragraph reference questions of duty, this is an issue for determination by the Court, which has

4

not yet addressed the same, and is vague and incomplete in its description or definition, making an admission or denial impossible. Nonetheless, Defendant denies it breached any duty alleged to be owed to the Plaintiff.

Answering paragraph 25 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 26 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 27 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 28 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and denies the same.

Answering paragraph 29 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and denies the same.

Answering paragraph 30 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and denies the same.

Answering paragraph 31 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 32 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 33 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 34 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 35 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

**THIRD CLAIM FOR RELIEF**
**(Negligent Inspection and Warning)**

Answering paragraph 36 of Plaintiff's Complaint, Defendant repeats and realleges every answer set forth above as though set forth in full herein.

Answering paragraph 37 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 38 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 39 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 40 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

**FOURTH CLAIM FOR RELIEF**
**(Vicarious Liability/Joint & Several Liability/Respondeat Superior as to all Defendants)**

Answering paragraph 41 of Plaintiff's Complaint, Defendant repeats and realleges every answer set forth above as though set forth in full herein.

Answering paragraph 42 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

Answering paragraph 43 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and denies the same.

Answering paragraph 44 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and denies the same.

Answering paragraph 45 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and denies the same.

Answering paragraph 46 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and denies the same.

Answering paragraph 47 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth as to the truth or falsity of the allegations contained therein and denies the same.

Answering paragraph 48 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein and denies the same.

Answering paragraph 49 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein and denies the same.

Answering paragraph 50 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein and denies the same.

/ / /

/ / /

7

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

### SECOND DEFENSE

The negligence of Plaintiff caused or contributed to any injuries or damages that Plaintiff may have sustained; and the negligence of Plaintiff in comparison with the alleged negligence of Defendant, if any, required that the damages of Plaintiff be denied or be diminished in proportion to the amount of negligence attributable to Plaintiff.

### THIRD DEFENSE

That the injuries sustained by the Plaintiff, if any, were caused by acts of unknown third persons who were not agents, servants, or employees of this answering Defendant and who were not acting on behalf of this answering Defendant in any manner or form and, as such, this Defendant is not liable in any manner to the Plaintiff.

### FOURTH DEFENSE

Plaintiff has failed to mitigate her damages.

### FIFTH DEFENSE

Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer and, therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent research so warrants.

WHEREFORE, Defendant prays that:

1.      Plaintiff's Complaint be dismissed, and the Plaintiff take nothing by way of same;

2.      That Defendant be awarded attorney's fees and costs incurred; and,

3.      For such other and further relief as the Court may deem just and proper.

DATED this 19th day of August, 2022.

PERRY & WESTBROOK
A Professional Corporation

*/s/ Alan W.  Westbrook*
ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
11500 S. Eastern, Suite 140
Henderson, NV  89052
Telephone: (702) 870-2400
Facsimile:  (702) 870-2880
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of August, 2022, a true and correct copy of the

foregoing was served upon the following counsel via the Eighth Judicial District Court's electronic

filing and service system pursuant to Administrative Order 14-2:

Betsy C. Jefferis-Aguilar, Esq.
HICKS & BRASIER, PLLC
2630 S. Jones Blvd.
Las Vegas, NV 89146
*Attorneys for Plaintiff*

                                        */s/   Jennifer Meacham*
                                        An Employee of PERRY & WESTBROOK,
                                        A Professional Corporation

10

Exhibit F

Electronically Filed
8/19/2022 2:18 PM
Steven D. Grierson
CLERK OF THE COURT

**DMJT**
ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 006167
PERRY & WESTBROOK,
A Professional Corporation
11500 S. Eastern, Suite 140
Henderson, NV  89052
Telephone:  (702) 870-2400
Facsimile:  (702) 870-8220
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| TEKEEYSHA KEYS, an individual; | CASE NO.:  A-22-855829-C |
| Plaintiff, | Dept: 14 |
| vs. | |
| TARGET CORPORATON, DOE EMPLOYEES OF TARGET CORPORATION; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive, | **DEFENDANT TARGET CORPORATION'S DEMAND FOR JURY TRIAL** |
| Defendants. | |

DEMAND IS HEREBY MADE by Defendant TARGET CORPORATION, by and through its attorney, Alan W.  Westbrook, Esq. of the law firm PERRY & WESTBROOK,

/ / /

/ / /

/ / /

/ / /

/ / /

1

for a trial by jury in the above-entitled matter.

DATED this 19th day of August, 2022.

PERRY & WESTBROOK
A Professional Corporation

/s/ Alan W.  Westbrook
ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
11500 S. Eastern, Suite 140
Henderson, NV  89052
Telephone: (702) 870-2400
Facsimile:  (702) 870-2880
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of August, 2022, a true and correct copy of the

foregoing was served upon the following counsel via the Eighth Judicial District Court's electronic

filing and service system pursuant to Administrative Order 14-2:

Betsy C. Jefferis-Aguilar, Esq.
HICKS & BRASIER, PLLC
2630 S. Jones Blvd.
Las Vegas, NV 89146
*Attorneys for Plaintiff*

                                    */s/   Jennifer Meacham*
                                    An Employee of PERRY & WESTBROOK,
                                    A Professional Corporation

Exhibit G

Electronically Filed
8/1/2022 6:47 PM
Steven D. Grierson
CLERK OF THE COURT

# AFFIDAVIT OF SERVICE

Job # 18732

**Client Info:**

Hicks & Brasier
2630 S. Jones Blvd.
Las Vegas, NV  89146

**Case Info:**

**Plaintiff:**
TEKEEYSHA KEYS, an individual,
-versus-
**Defendant:**
TARGET CORPORATION; DOE EMPLOYEES OF TARGET
CORPORATION; DOES 1-20 and ROE BUSINESS ENTITIES 1-20,
inclusive,

District Court
Court Division: Dept. No.: 14
County of Clark, Nevada

Issuance Date: 7/28/2022 Court Case # **A-22-855829-C**

**Service Info:**

**Date Received: 7/28/2022** at **10:43 AM**
**Service:** I Served **Target Corporation**
With: **SUMMONS; PLAINTIFF'S COMPLAINT**
by leaving with **Ana Gomes, ADMINISTRATIVE ASSISTANT**

**At Business RA: CT CORPORATION SYSTEM - 701 S. CARSON STREET, STE. 200 CARSON CITY, NV 89701**
Latitude: **39.159935**,  Longitude: **-119.766402**

On **7/29/2022** at **11:40 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; PLAINTIFF'S COMPLAINT**  to: Ana Gomes,
**ADMINISTRATIVE ASSISTANT** at the address of: **RA: CT Corporation System - 701 S. Carson Street, STE. 200 Carson
City, NV 89701** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of
suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of
designation filed with the Secretary of State or entities usual place of business.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was
served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and
that the facts stated in it are true.

Signature of Server: _____
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **18732**   Client Ref # **206667**

SUBSCRIBED AND SWORN to before me this 30ᵗʰ day of July , 2022 , by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-23
Certificate No: 15-3221-2

1 of 1



Exhibit H

Electronically Filed
8/19/2022 5:10 PM
Steven D. Grierson
CLERK OF THE COURT

1

**REA**
BETSY JEFFERIS AGUILAR, ESQ.

2

Nevada Bar No. 12980

3

**HICKS & BRASIER, PLLC**
2630 S. Jones Blvd

4

Las Vegas, Nevada 89146

5

Phone: (702) 628-9888
Fax:  (702) 960-4118

6

E-Mail: baguilar@lvattorneys.com
*Attorneys for Plaintiff*

7

8

**DISTRICT COURT**

9

**CLARK COUNTY, NEVADA**

10

TEKEEYSHA KEYS, an individual,       )       CASE NO.:  A-22-855829-C

11

)       DEPT. NO.: Dept. 14
                Plaintiff,       )

12

)       **PLAINTIFF'S REQUEST FOR**
vs.                                          )       **EXEMPTION FROM**

13

)       **ARBITRATION**

14

TARGET CORPORATION; DOE       )
EMPLOYEES OF TARGET       )

15

CORPORATION; DOES 1-20 and ROE       )
BUSINESS ENTITIES 1-20, inclusive,       )

16

)

17

                Defendants.       )
_____       )

18

19

Plaintiff TEKEEYSHA KEYS, by and through her attorney Betsy C. Jefferis-Aguilar,

20

Esq.  Esq. of the law office of HICKS & BRASIER, PLLC, hereby requests the above entitled

21

matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5 as this case

22

involves an amount in excess of $50,000 per Plaintiff, exclusive of interest and cost.

23

This personal injury action is a result of a trip and fall that occurred on March 8, 2021 in

24

Clark County, Nevada. Plaintiff was walking in the Target Store located on 1200 S. Nellis Blvd,

25

Las Vegas, Nevada 89104 when a three-step ladder fell down off the shelf hitting Plaintiff on

26

the head and neck. Plaintiff suffered bodily injuries as a result of the incident and has incurred

27

the following damages:

28

//

| Provider | Amount |
|---|---|
| Summerlin Hospital Medical Center | $16,399.00 |
| Shadow Emergency Physicians | $ 1,888,00 |
| Desert Radiologists | $1,171.00 |
| Spinal Rehabilitation | $6,329.00 |
| Las Vegas Radiology | To be Supplemented |
| Neurology Centers | To be Supplemented |
| Shield Radiology | $ 190.00 |
| William S. Muir, M.D. | $ 50,235.00 |
| Nevada Medical Consultants | $750.00 |
| Multus Medical | $1,800.00 |
| Anesthesia & Intensive Care Specialists | $1,902.00 |
| **Total** | **$80,664.00** |

Because liability is solely against Defendant, Plaintiff alleges that Defendant is the cause of Plaintiff's injuries. Clearly, the value of Plaintiff's damages include medical expenses, pain and suffering exceeds the $50,000.00 threshold and the matter should be exempted from Arbitration.

I hereby certify pursuant to NRCP 11 this case to be within the exemption(s) marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document and any attachments thereto do not contain personal information including, without limitation, home address/phone number, social security number, driver's license number or identification card

number, account number, PIN numbers, credit card number or debit card number, in combination with any required security code, access code or password that would permit access to the person's financial account.

DATED THIS 19th day of August 2022.                    **HICKS & BRASIER, PLLC**

                                                       /s/ Betsy C. Jefferis-Aguilar, Esq.
                                                       BETSY JEFFERIS AGUILAR, ESQ.
                                                       Nevada Bar No. 12980
                                                       2630 S. Jones Blvd
                                                       Las Vegas, Nevada 89146
                                                       *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of HICKS & BRASIER, PLLC, and that on this 19th day of August, 2022, I served a copy of the foregoing **REQUEST FOR EXEMPTION FROM ARBITRATION** in accordance with Administrative Order 14-2 and Rule 9 of the Nevada Electronic Filing and Conversion Rules (N.E.F.C.R.) by transmitting via the Court's electronic filing services by the document(s) listed above to the Counsel set forth on the service list below:

ALAN W. WESTBROOK, ESQ.
PERRY & WESTBROOK,
A Professional Corporation
11500 S. Eastern, Suite 140
Henderson, NV 89052
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*


  __/s/ Alejandro Arias_____
   An employee of Hicks & Brasier, PLLC