ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 006167
PERRY & WESTBROOK,
A Professional Corporation
11500 S. Eastern Avenue, Suite 140
Henderson, Nevada 89052
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
Email: awestbrook@perrywestbrook.com
*Attorney for Defendants, Target Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TEKEEYSHA KEYS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATON, DOE EMPLOYEES OF TARGET CORPORATION; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>Defendants. | CASE NO.:   2:22-cv-01389-APG-DJA<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1.  This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2.  The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials

"Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute the back of this instant Protective Order, without need for a separate written "Confidentiality Agreement", consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record (any licensed attorney, not limited to individuals executing the instant Protective Order) in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege). Deposition testimony may be designated as confidential following the testimony having been given provided that: such testimony is identified and designated on the record at the deposition. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements

with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. If a party wishes to file any Confidential Material under seal, the party must comply with the requirements of Local Rule IA 10-5 and the Ninth Circuit Court of Appeals' decision in *Kamakan v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

10. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have fifteen days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. The party asserting that the disputed information is confidential and subject to a Protective Order bears the burden of meeting the compelling reasons standard by articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.

11. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

12. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of

confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

13. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

14. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

15. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. This requirement will have no effect on the exchange of settlement funds and/or documents, if applicable.

After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

IT IS SO STIPULATED:

| | |
|---|---|
| DATED this 27th day of April, 2023 | DATED this 28th day of April, 2023 |
| HICKS & BRASIER, PLLC | PERRY & WESTBROOK |
| | |
| */s/ Betsy C. Jefferis-Aguilar* | */s/ Alan Westbrook* |
| Betsy C. Jefferis-Aguilar, Esq. | Alan Westbrook, Esq. |
| 2630 S. Jones Blvd. | 11500 S. Eastern Avenue, Ste. 140 |
| Las Vegas, NV 89146 | Henderson, Nevada 89052 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**IT IS SO ORDERED.**

DATED this 1st day of May 2023.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE