UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TEKEEYSHA KEYS,<br><br>　　　Plaintiff<br><br>v.<br><br>TARGET CORPORATION,<br><br>　　　Defendant | Case No.: 2:22-cv-01389-APG-DJA<br><br>**Order Denying Defendant's Motion for Summary Judgment**<br><br>[ECF No. 15] |

Tekeeysha Keys was hit by a two-step ladder that fell from a hanging display while she was shopping in a Target store. She sues Target Corporation for negligence (under various theories) and negligent hiring, training, supervision, and retention. Target moves for summary judgment on all claims, arguing that Keys has not provided evidence to establish a duty of care or that the ladder display was unreasonably dangerous, and that Keys's own movements in the aisle caused the incident. I deny the motion.

**I. BACKGROUND**

Keys was shopping in a Target store with her friend Sharde Ashford. ECF No. 16 at 60, 80. They walked into an aisle to view and touch some merchandise on one side of the aisle. *Id.* While doing so, a two-step ladder fell from a hanging display on the other side of the aisle and struck Keys on the head and neck. *Id.* Ashford testified that the aisle "seemed pretty narrow" and that Keys or her backpack bumped the ladder display behind them, and then a ladder fell. *Id.* at 81-82.

Keys and Ashford reported the accident to a Target employee, Elicia Valencia, who filled out an incident report and took photos of the display. *Id.* at 62-63. The photos show four two-step ladders hanging from a display arm, and an identical ladder sitting on a shelf below the arm.

*Id*. at 23-25.  Keys and Ashford confirmed that the photos show the ladder that hit Keys. *Id.* at 63-65, 85.  Ashford testified that the ladders were hanging five to six feet off the ground. *Id.* at 87.

During discovery, Target admitted that "there was no other entity that set the display and stocked the shelving that was involved in this incident." ECF No. 16 at 35.  It also admitted that "there were no[] warning signs posted in the aisle" where Keys was hit. *Id.* at 45.

**III.  DISCUSSION**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

A. **Negligence**

To prevail on her negligence claim, Keys must establish that (1) Target owed her a duty of care; (2) Target breached that duty; (3) the breach was the legal cause of her injury; and (4) she suffered damages. *Clark Cnty. Sch. Dist. v. Payo*, 403 P.3d 1270, 1279 (Nev. 2017) (en banc). "[A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores*, 849 P.2d 320, 322 (Nev. 1993). A business breaches that duty if the dangerous condition was created by the business or one of its agents, or if the business had actual or constructive notice of the condition and failed to remedy it. *See FGA, Inc., v. Giglio*, 278 P.3d 490, 496 (Nev. 2012). "Breach and causation are classically questions of fact." *Klasch v. Walgreen Co.*, 264 P.3d 1155, 1161 (Nev. 2011) (en banc).

   1. ***Standard of Care***

Target contends that Keys has not produced evidence "to establish a duty of care related to the manner in which a retailer . . . must display step ladders." ECF No. 15 at 3. Specifically, it argues that Keys has no expert to testify as to the standard of care for displaying retail merchandise or why displaying the ladders according to Target's planogram[1] was inconsistent with the standard of care. Keys responds that Target has a duty under *Sprague* and the lack of an expert is not fatal to her case. She also argues that the planogram is not dispositive as to the standard of care because it only shows "how Target chooses to merchandise its product for consumers" and not how many ladders should be hanging on the display. ECF No. 16 at 11-12.

In Nevada, "the standard of care must be determined by expert testimony unless the conduct involved is within the common knowledge of laypersons." *Daniel, Mann, Johnson &*

---

[1] Target describes the planogram as "setting forth the way to display the subject step ladder." ECF No. 15 at 4. Neither party provided the planogram as an exhibit.

3

*Mendenhall v. Hilton Hotels Corp.*, 642 P.2d 1086, 1087 (Nev. 1982). In other words, where the conduct at issue "does not involve esoteric knowledge or uncertainty that calls for the professional's judgment, it is not beyond the knowledge of the jury to determine the adequacy of the performance." *Id.*

*Sprague* imposes a standard of care on business owners to keep their premises reasonably safe. Target does not explain, nor do I see a reason, why the safety of the ladder display is beyond the common knowledge of laypersons such that Keys's claim fails unless she has an expert. It also does not explain why the planogram would represent an appropriate standard of care. Therefore, Target has not met its burden on summary judgment to explain why, as a matter of law, Keys has failed to establish an applicable standard of care.

### 2. Breach

Target contends that Keys has not presented evidence of breach because there is no evidence that Target displayed the ladder improperly or that Target was aware or should have been aware that the display was dangerous. Keys contends that there is such evidence and whether the ladder display was reasonably safe is a question of fact for the jury. Specifically, Keys points to the photos which show four ladders hung on a high display arm without any mechanism to secure the ladders or warnings. She also points to Target's admission that no other entity set the display and stocked the shelves.

There is a genuine issue of material fact as to whether Target breached its duty to keep its premises in a reasonably safe condition. A reasonable jury could find that a Target employee hung five ladders on one display arm, at five or six feet off the ground, without a mechanism to secure them, and gave no warning. A reasonable jury could conclude that this created a hazard so that Target's store was not in a reasonably safe condition.

4

### 3. Comparative Negligence

Target contends that Keys backed into the display which caused the ladder to fall. Keys responds that the video does not clearly show that and comparative negligence is a question of fact for the jury.

Under Nevada's comparative negligence statute, Keys's comparative negligence does not bar recovery if her negligence was not greater than Target's negligence. Nev. Rev. Stat. § 41.141. Generally, weighing the parties' comparative negligence is a question of fact for the jury. *Joynt v. California Hotel & Casino*, 835 P.2d 799, 802 (Nev. 1992). "A party's negligence becomes a question of law only when the evidence will support no other inference." *Id.* at 801 (quotation omitted). In particular, the Supreme Court of Nevada has held that sometimes a plaintiff "may be justified in not watching each of his steps" and in those cases the reasonableness of the plaintiff's behavior is properly determined by the jury. *Id.* at 802 (citing *Wagon Wheel Saloon & Gambling Hall, Inc. v. Mavrogan*, 369 P.2d 688, 690 (Nev. 1962)).

The video footage does not clearly show Keys's movements or how the ladder fell. Based on what can be seen from the video, however, a reasonable jury could conclude that Keys was not more negligent than Target. The reasonableness of Keys's behavior remains a genuine issue of material fact for the jury.

### 4. Summary

I deny the motion for summary judgment as to the negligence claim because Target has a duty to keep its premises reasonably safe and there is a genuine issue of material fact of whether the ladder display was reasonably safe. Further, Keys's comparative negligence is a question of fact for the jury.

### B. Negligent Hiring, Training, Supervision, and Retention

Target did not move for summary judgment on Keys's claim for negligent hiring, training, supervision, and retention beyond the arguments raised in relation to the negligence claim, so it has not sustained its initial burden of informing me of the basis on which I could grant summary judgment and identifying portions of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323; *see also* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). Therefore, Keys's negligent hiring, training, supervision, and retention claim remains pending as well.

## III. CONCLUSION

I THEREFORE ORDER that Target's motion for summary judgment (**ECF No. 15**) is **DENIED**.

DATED this 7th day of February, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE