ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 006167
PERRY & WESTBROOK,
A Professional Corporation
11500 S. Eastern, Suite 140
Henderson, NV  89052
Telephone:  (702) 870-2400
Facsimile:   (702) 870-8220
Email: awestbrook@perrywestbrook.com
*Attorney for Defendant Target Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TEKEEYSHA KEYS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, DOE EMPLOYEES OF TARGET CORPORATION; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>Defendants. | CASE NO.:   2:22-cv-01389-APG-DJA<br><br><br>__JOINT PRE-TRIAL ORDER__ |

Following pretrial proceedings in this cause,

IT IS ORDERED:

## I.

## NATURE OF THE ACTION

PARTIES:

Plaintiff: TEKEEYSHA KEYS

Defendant:  TARGET CORPORATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On March 8, 2021, Tekeeysha Keys was shopping on the premises and sales floor area of the Target Store located at 1200 S Nellis Blvd, Las Vegas, NV in Las Vegas, Nevada.  While upon the premises a stepladder fell from its display.

**Plaintiff's Contentions:**

1. Plaintiff was walking through the store when a stepladder, which Target had previously placed on display for sale, fell off the shelf and struck her on her head and neck.

2.  The stepladder was displayed and/or stored in a manner that was insufficient to protect the stepladder from falling from its display as there was no type of fastener or stopper on the subject display to secure the stepladder from falling from the display onto patron. (Dangerous Condition)

3. The subject stepladder was displayed at a height that exceeded the height of the plaintiff.

4. There was no warning sign regarding removing the stepladders from a high display or any type of warning signifying that employee assistance is needed prior to removing the ladders from the display.

5. The Dangerous Condition was caused as a direct result of the Defendants' failure to maintain the Property in a reasonable and safe manner.

6. At all times relevant, Defendants maintained and were in control of the Property, and the subject Dangerous Condition, which was on the Property, where Plaintiff was injured.

7. Defendant had actual notice, actual knowledge, constructive notice, and/or knew or should have known of the Dangerous Condition.

8.  That as a direct and proximate result of the negligence of Defendants, Plaintiff sustained serious injuries and suffered great pain of body and mind, some of which conditions are permanent and disabling, all to Plaintiff's general damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

**Defendant's Contentions:**

1.  At no time relevant to this cause was there a dangerous condition existing on the Target premises related to the merchandising and display of stepladders.

2.  That the stepladders were displayed consistent with the policies of Target and that proper care was implemented by Target to ensure that there were no dangerous conditions present on its premises.

3.  That the plaintiff caused the incident by failing to act with reasonable care and dislodging the stepladder by backing into the display with a backpack purse.

4.  That the plaintiff was negligent in causing the stepladder to fall from its display.

5.  That the plaintiff was not struck in the head by the stepladder as alleged.

6.  That the plaintiff was not injured as a result of the alleged incident.

7.  That the plaintiff failed to mitigate any damages claimed.

## II.

### STATEMENT OF JURISDICTION

This Court has diversity jurisdiction pursuant to 28 U.S.C. 1332.  Plaintiff, at the time of the alleged incident, was a resident of the State of Nevada, and currently resides in Georgia.  The Defendant is a Minnesota Corporation with its principal place of business in the State of Minnesota. This matter involves a claim for damages in excess of $75,000. Jurisdiction is therefore

based upon diversity of citizenship under 28 U.S.C. § 1332. The parties admit that jurisdiction is proper and admit that venue is proper pursuant to 28 U.S.C. § 1391.

**III.**

**THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF:**

1.    While the specifics of the alleged incident are in dispute, it is agreed that the subject of this suit occurred on March 8, 2021.

2.    While the specifics of the alleged incident are in dispute, it is agreed that the subject of this suit occurred at the Target store located at 1200 S Nellis Blvd, Las Vegas, NV in Las Vegas, Nevada.

3.    Plaintiff was shopping at the subject Target store with her friend, Sharde Ashford.

4.    While shopping, a step ladder did dislodge from a display

5.    For the purposes of diversity, Target Corporation is a Minnesota corporation, with its principle place of business in Minnesota and licensed to do business in County of Clark, State of Nevada.

6.    For the purposes of diversity, the plaintiff, at the time of the incident, was a resident of Nevada, and subsequently has moved and is a resident of Georgia.

**IV.**

**THE FOLLOWING FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY:**

None.

/ / /

/ / /

**V.**

**THE FOLLOWING ARE THE ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL:**

**Plaintiff:**

1. Whether an employee of Target store negligently caused the subject display to be overstocked that led to Plaintiff's incident?

2. Whether Target employees failed to provide a safe environment for customers of the Target Store?

3. Whether an employee of Target store negligently failed to take adequate measures to protect against the type of conditions that led to Plaintiff's incident?

4. Whether the hazardous condition was readily apparent to Plaintiff?

5. Whether Target negligently failed to keep the subject display in the Target store in a reasonably safe condition for Target customers and to protect Target customers against dangers caused by its routine business practice of restocking produce while the Target Premises remains open for business?

6. Whether Target negligently failed to warn Plaintiff of an unsafe condition?

7. Whether Plaintiff suffered injuries as a result of Target's negligence?

8. Whether the injuries Plaintiff sustained were proximately caused by the subject step ladder falling on her as a result of Target's negligence?

9. Whether the medical expenses incurred by Plaintiff as a result of Target's negligence were reasonable and necessary?

10. Whether Plaintiff is entitled to general damages for her pain and suffering?

/ / /

5

11.    Whether Plaintiff is entitled to damages for future medical care and expenses incidental thereto?

**Defendant:**

1.    Was there a hazardous or unreasonably dangerous condition?

2.    Was the stepladder properly and reasonably displayed?

3.    Did the plaintiff dislodge the displayed stepladder?

4.    Would the stepladder have been dislodged if not for the actions of plaintiff?

5.    Was plaintiff struck by the stepladder?

6.    Was Plaintiff injured, and if so, what were the injuries?

7.    What injuries were proximately caused by actions of Target?

8.    What injuries were proximately caused by the actions of Plaintiff?

9.    Was the plaintiff's claimed medical treatment reasonable, necessary and related to the claimed incident?

10.    What were the reasonable costs of treatment for injuries proximately caused by negligence of Defendant?

## VI.

**THE FOLLOWING ARE THE ISSUES OF LAW TO BE TRIED AND DETERMINED AT TRIAL:**

1.  Was Defendant negligent in relation to the subject incident?

2.  Were the alleged injuries of Plaintiff, if any, proximately caused by the negligence of Target and/or its employees?

3.  Was Plaintiff negligent in relation to the subject incident?

4.  Were the alleged injuries of Plaintiff, if any, proximately caused by the negligence of Plaintiff?

5.  Can Plaintiff sustain her burden of proof that she incurred damages?

6

6.  Did Plaintiff fail to mitigate her damages?

## VII.

## EXHIBITS

**a.  EXHIBITS**

**Plaintiff's:**

1.  Medical records and billing from Valley Hospital, bates-stamped VALLEY000001-VALLEY000051;

Target's Objections:  Target objects on the basis of foundation, relevancy, and hearsay, but does not object to authenticity.

2.  Medical records and billing records from Shadow Emergency Physicians, bates-stamped SHAD000052-SHAD000054;

Target's Objections:  Target objects on the basis of foundation, relevancy, and hearsay, but does not object to authenticity.

3.  Medical records and billing from Desert Radiologists, bates-stamped DESRA000055;

Target's Objections:  Target objects on the basis of foundation, relevancy, and hearsay, but does not object to authenticity.

4.  Medical records and billing from Spinal Rehabilitation, bates-stamped SPINREH000057-SPINREH000146;

Target's Objections:  Target objects on the basis of foundation, relevancy, and hearsay, but does not object to authenticity.

5.  Medical records from Shield Radiology, bates-stamped SHIELD000147-SHIELD000149;

Target's Objections:  Target objects on the basis of foundation, relevancy, and hearsay, but does not object to authenticity.

6.  Medical records from Las Vegas Radiology, bates-stamped LVRADI000150-LVRADI000169;

Target's Objections:  Target objects on the basis of foundation, relevancy, and hearsay, but does not object to authenticity.

7. Medical records from Neurological Center, bates-stamped NEUR000170-NEUR000174;

Target's Objections:  Target objects on the basis of foundation, relevancy, and hearsay, but does not object to authenticity.

8. Medical records from William Muir MD, bates-stamped MUIR000175-MUIR000319;

Target's Objections:  Target objects on the basis of foundation, relevancy, and hearsay, but does not object to authenticity.

9. Medical records from Nevada Medical Consultants, bates-stamped NVMED000320-NVMED000340;

Target's Objections:  Target objects on the basis of foundation, relevancy, and hearsay, but does not object to authenticity.

10. Curriculum Vitae, Expert Witness Testimony History, Fee Schedule from William S. Muir, MD, bates-stamped as MUIREX0001-MUIREX0025.

Target's Objections:  Target objects on the basis of hearsay.

**Defendant's:**

11.    Guest Incident Report (DEF000001);

12.    LOD Investigation Report (DEF000002);

13.    Photo Collection Form and Checklist (DEF000003);

14.    Evidence/Photo Sticker (DEF000004);

15.    Evidence/Photo Sticker (DEF000005);

16.    Evidence/Photo Sticker (DEF000006);

17.    Video of Alleged Incident (DEF000007);

18.    Video of Alternate View and After Alleged Incident (DEF000008);

19.    Video of Plaintiff Filling Out Incident Report (DEF000009);

20. Video of Plaintiff Walking Towards Exit (DEF000010);

21. Video of Plaintiff Exiting Store (DEF000011);

22. Time Entries re Target Team Members Elicia Valencia and Jefferson Lague (DEF00633);

23. Target Display Planogram *(disclosed pursuant to Stipulated Protective Order)* (DEF00634 – 00638);

24. Dr. Reynold L. Rimoldi, MD's Report dated April 17, 2023;

Plaintiff's Objections:  Target objects on the basis of hearsay.

25. Dr. Rimoldi's Supplemental Report dated April 27, 2023;

Plaintiff's Objections:  Target objects on the basis of hearsay.

26. Dr. Rimoldi's Curriculum Vitae, Fee Schedule and Testimony List.

Electronic evidence: Defendant anticipates utilizing the court's electronic evidence display system. Defendant does not anticipate utilizing native electronic evidence but will be displaying video electronically. This includes the presentation of video electronically to the jury for deliberations. The parties will coordinate with the courtroom administrator as contemplated by the Local Rules.

    **b.**    **AS TO THE EXHIBITS, DEFENDANT STIPULATES AS FOLLOWS:**

    1.    Set forth stipulations as to Plaintiff's exhibits: Defendant stipulates to the authenticity of Plaintiff's Exhibits 1-9.

    **c.**    **DEPOSITIONS:**

    1.    The depositions that have been taken in the instant litigation are as follows:

    - Plaintiff, Takeeysha Keys;

    - Sharde Ashford; and

    - William Muir, MD

1
2
3
4

The parties intend to offer live testimony of designated witnesses at trial and do not anticipate offering any depositions unless a witness becomes unavailable at the time of trial, however, may use depositions for the purposes of impeachment, if necessary.

**d.      OBJECTIONS TO DEPOSITIONS:**

5
6

1.      There are no portions of depositions anticipated to be read in trial at this time.

Parties object to the use of depositions at trial for use other than impeachment of any

7

witnesses who are available to appear and testify at trial.

8
9

**VIII.**

10

**THE FOLLOWING WITNESSES MAY BE CALLED BY THE PARTIES UPON TRIAL:**

11
12

**Plaintiff's Witnesses**:

13

WILL CALL:

14

1.      Tekeeysha Keys, Plaintiff
         c/o Betsy C. Jefferis-Aguilar, Esq.

15

         HICKS & BRASIER, PLLC
         2630 S. Jones Blvd.

16

         Las Vegas, Nevada 89146

17
18

2.      FRCP 30(b)(6) Witness(es) for Target Corporation, Defendant
         c/o ALAN W. WESTBROOK, ESQ.

19

         PERRY & WESTBROOK,
         A Professional Corporation

20

         11500 S. Eastern, Suite 140
         Henderson, NV 89052

21
22

3.      Elicia Valencia
         c/o ALAN W. WESTBROOK, ESQ.

23

         PERRY & WESTBROOK,
         A Professional Corporation

24

         11500 S. Eastern, Suite 140
         Henderson, NV 89052

25
26

4.      Sharde Ashford
         3750 E. Bonanza Rd.

27

         Las Vegas, NV 89108
         702-913-0161

28

10

5. WILLIAM S. MUIR, MD
653 N. Town Center Drive, #210
Las Vegas, Nevada 89144
Phone: (702) 254-3020

MAY CALL:

1. Michael Barnum, MD
FRCP 30(b)(6) and/or
Custodian of Records at
Valley Hospital
620 Shadow Lane
Las Vegas, NV 89106

2. FRCP 30(b)(6) and/or Custodian of Records at
Shadow Emergency Physicians
P.O. Box 13917
Philadelphia, PA 19101-3917

3. Desert Radiology
P.O BOX 841645
Los Angeles, CA 90084

4. Thomas A. Shang, MD and/or
FRCP 30(b)(6) and/or
Custodian of Records at
Spinal Rehabilitation Center
4416 E. Bonanza Road, Suite 150,
Las Vegas, Nevada 89110

5. Ammon Strehlow, DC, DACBR
FRCP 30(b)(6) and/or
Custodian of Records at
Shield Radiology
5135Camino Al Norte, Suite 250
Las Vegas, Nevada 89031

6. Bhuvana P. Kitusamy, MD
FRCP 30(b)(6) and/or
Custodian of Records at
Las Vegas Radiology
7500 Smoke Ranch Road
Las Vegas, Nevada 89128

/ / /

7.      Charles Kamen MD
           FRCP 30(b)(6) and/or
           Custodian of Records at
           Neurology Center
           2480 Professional Court
           Las Vegas, Nevada 89128

8.      FRCP 30(b)(6) and/or
           Custodian of Records at
           Nevada Medical Consultants
           10040 W. Cheyenne Avenue Suite 170-18
           Las Vegas, Nevada 89129

**Defendant's witnesses:**

1.      Tekeeysha Keys
           c/o Betsy Jefferis Aguilar, Esq.
           HICKS & BRASIER, PLLC
           2630 S. Jones Blvd.
           Las Vegas, NV 89146

2.      Person(s) Most Knowledgeable
           Target Corporation
           c/o Alan W. Westbrook, Esq.
           Perry & Westbrook
           11500 S. Eastern, Suite 140
           Henderson, Nevada 89052

3.      Elicia Valencia
           5551 Box Cars Ct., Unit 101
           Las Vegas, NV 89122

4.      Jefferson Lague
           c/o Alan W. Westbrook, Esq.
           Perry & Westbrook
           11500 S. Eastern, Suite 140
           Henderson, Nevada 89052

5.      Dr. Reynold L. Rimoldi, M.D.
           Nevada Orthopedic & Spine Center
           7455 W. Washington Ave., Ste. 160
           Las Vegas, NV 89128

Defendant reserves the right to call any witness(es) identified by Plaintiff.

1

2

## IX.

## THREE ALTERNATIVE TRIAL DATES

Counsel have met and herewith submit three (3) agreed-upon trial dates:

1. October 14, 2024

2. October 28, 2024

3. November 4, 2024

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed upon dates, if possible; if not, the trial will be set at the convenience of the Court's calendar.

## X.

## TIME FOR TRIAL

It is estimated that the trial herein will take a total of 5-7 days.

APPROVED AS TO FORM AND CONTENT:

PERRY & WESTBROOK                        HICKS & BRASIER, PLLC
A Professional Corporation

*/s/ Alan W.  Westbrook*                      */s/ Betsy C. Jefferis-Aguilar*
ALAN W. WESTBROOK, ESQ.              Betsy C. Jefferis-Aguilar, Esq.
Nevada Bar No. 6167                          Nevada Bar No. 12980
11500 S. Eastern, Suite 140                2630 S. Jones Blvd.
Henderson, NV  89052                        Las Vegas, NV 89146
A*ttorney for Defendant Target Corporation*   *Attorneys for Plaintiff*

13

1

2

## XI.
## ACTION BY THE COURT:

3
This case is set down for jury trial on the November 4, 2024 trial stack.

4
Calendar call shall be held on October 29, 2024, at 9:00 a.m. in Courtroom 6C.

5

6
       DATED: March 28, 2024.

7

8

                             UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14